1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7   CARL M. JONES,

8        Plaintiff,                            No.  2:15-CV-0116-RHW

9        v.

10  CAROLYN W. COLVIN,                         **ORDER GRANTING PLAINTIFF'S**
    Acting Commissioner of Social             **MOTION FOR SUMMARY**
11  Security,                                  **JUDGMENT**

12        Defendant.

13         Before the Court are the parties' cross-motions for summary judgment, ECF

14  Nos. 15 & 16. Mr.  Jones brings this action seeking judicial review, pursuant to 42

15  U.S.C. § 405(g), of the Commissioner's final decision, which denied his

16  application for Supplemental Security Income under Title XVI of the Social

17  Security Act, 42 U.S.C §§ 1381-1383f.  After reviewing the administrative record

18  and briefs filed by the parties, the Court is now fully informed. For the reasons set

19  forth below, the Court **GRANTS** Mr. Jones's Motion for Summary Judgment and

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

**DENIES** Defendant's Motion for Summary Judgment. The Court **REMANDS** to the Commissioner for further proceedings in accordance with the Order.

## I.    Jurisdiction

Mr. Jones filed an application for Supplemental Security Income on February 16, 2011. AR 110.  The alleged onset date was February 1, 2009. *Id.* The claim was denied initially on June 6, 2011. AR 126-129. It was denied on reconsideration on October 3, 2011. AR 131-133.

A telephone hearing with Administrative Law Judge ("ALJ") R.J. Payne occurred on February 11, 2013. AR 81-95. A supplemental hearing was held on June 13, 2013. AR 50-79. On July 5, 2013, the ALJ issued a decision finding Mr. Jones ineligible for disability benefits. AR 24-44.  The Appeals Council denied Mr. Jones's request for review on March 19, 2015, AR 1-6, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Jones timely filed the present action challenging the denial of benefits, on April 28, 2015. ECF No. 4. Accordingly, Mr. Jones's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

1   can be expected to last for a continuous period of not less than twelve months." 42

2   U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be

3   under a disability only if the claimant's impairments are of such severity that the

4   claimant is not only unable to do his previous work, but cannot, considering

5   claimant's age, education, and work experience, engage in any other substantial

6   gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

7   1382c(a)(3)(B).

8       The Commissioner has established a five-step sequential evaluation process

9   for determining whether a claimant is disabled within the meaning of the Social

10  Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsbury v.*

11  *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

12      Step one inquires whether the claimant is presently engaged in "substantial

13  gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful

14  activity is defined as significant physical or mental activities done or usually done

15  for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

16  substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§

17  404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

18      Step two asks whether the claimant has a severe impairment, or combination

19  of impairments, that significantly limits the claimant's physical or mental ability to

20  do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe

impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 & 416.908-09.  If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required.  Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends.  *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4**

1    404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this

2    burden, the Commissioner must establish that (1) the claimant is capable of

3    performing other work; and (2) such work exists in "significant numbers in the

4    national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

5    676 F.3d 1203, 1206 (9th Cir. 2012).

6                                    **III.    Standard of Review**

7            A district court's review of a final decision of the Commissioner is governed

8    by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

9    Commissioner's decision will be disturbed "only if it is not supported by

10   substantial evidence or is based on legal error."  *Hill v. Astrue,* 698 F.3d 1144,

11   1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

12   a mere scintilla but less than a preponderance; it is such relevant evidence as a

13   reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

14   *Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d

15   1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

16   whether the Commissioner's findings are supported by substantial evidence, "a

17   reviewing court must consider the entire record as a whole and may not affirm

18   simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc.*

19   *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

20   F.2d 498, 501 (9th Cir. 1989)).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Mr. Jones was thirty-one years old when he filed his application. AR 97. He has at least a high school education and can communicate in English. AR 43. His previous relevant work experience includes: fast food cook, laborer, roofer, and landscape assistant. *Id.*

Mr. Jones has degenerative disc disease in his back and multiple mental impairments. AR 26. He has a history of methamphetamine and marijuana use. AR 36-37.

## V.    The ALJ's Findings

The ALJ determined that Mr. Jones was not under a disability within the meaning of the Act since February 16, 2011, the date of filing. AR 24.

**At step one**, the ALJ found that Mr. Jones had not engaged in substantial gainful activity since February 6, 2011. (citing 20 C.F.R. § 416.971 *et seq*.). AR 26.

**At step two**, the ALJ found Mr. Jones had the following severe impairments: degenerative disc disease with foraminal narrowing, L4-5 and L5-S1; mild degenerative disc disease, T9-T10; back pain; rule out psychotic disorder versus severe AXIS II disorder versus malingering; depressive disorder, NOS; generalized anxiety disorder; panic disorder without agoraphobia; anxiety disorder, NOS; personality disorder, NOS with borderline features; and rule out cannabis abuse or dependence and cannabis use. (citing 20 C.F.R. §416.920(c)). AR 26.

At **step three**, the ALJ found that Mr. Jones did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 26-28.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1   At **step four**, the ALJ found Mr. Jones had the residual functional capacity:

2   to perform a light work as defined in 20 C.F.R. 416.967(b) except occasionally

3   climb, stoop, kneel, crouch, crawl; frequently balance; avoid concentrated

4   exposure to hazards (machinery, height, etc.); mild to moderate limitations in

5   interacting appropriately with the general public and accepting instructions and

6   responding appropriately to criticism from supervisors. AR 28-43. Mild limitations

7   were defined as "[m]inimal interference on the ability to function in a work

8   setting," and moderate limitations were defined as "[o]ccasional interference on the

9   ability to function in a work setting." AR 29.

10   Based on his limitations, the ALJ determined that Mr. Jones was not able to

11   perform his past relevant work as a fast food cook, laborer, roofer, and landscape

12   assistant. AR 43.

13   At **step five**, the ALJ found that after considering Mr. Jones's age,

14   education, work experience, and residual functional capacity, in conjunction with

15   the Medical-Vocational Guidelines, there are other jobs that exist in significant

16   numbers in the national economy that he can perform. AR 43-44.

17   ## VI.   Issues for Review

18   Mr. Jones argues that the Commissioner's decision is not free of legal error

19   and not supported by substantial evidence because the record as a whole does not

20   support the Commissioner's decision that Mr. Jones is not disabled. Specifically,

1  Mr. Jones alleges ALJ erred in assessing Mr. Jones's residual functional capacity

2  and by using the Medical-Vocational Guidelines as a framework for decision

3  making.

**VII.   Discussion**

**A. The ALJ did not err in calculating Mr. Jones's residual functional**
**capacity.**

**1.  The ALJ properly evaluated the medical opinion evidence.**

The ALJ is the "final arbiter" with regard to medical evidence ambiguities,

including differing physicians' opinions. *Tommsaetti v. Astrue*, 533 F.3d 1035,

1041 (9th Cir. 2008). The Ninth Circuit has distinguished between three classes of

medical providers in defining the weight to be given to opinions: (1) treating

providers; (2) examining providers; and (3) non-examining providers. *Lester v.*

*Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an

examining provider, and finally a non-examining provider. *Id*. at 830-31. In the

absence of a contrary opinion, a treating or examining provider's opinion may not

be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a

treating or examining provider's opinion is contradicted, it may only be discounted

for "specific and legitimate reasons that are supported by substantial evidence in

the record." *Id*. at 830-31.

In his decision, the ALJ gave little weight to the opinions of Drs. John Arnold, PhD, and W. Scott Mabee, PhD. AR 42-43. Mr. Jones contends that this was in error because these doctors had examined Mr. Jones. ECF No. 15 at 13. This argument is not enough. The ALJ was required to provide specific and legitimate reasons, supported by substantial evidence to give these opinions less weight than others, and this was done. AR 42-43.

With regard to Dr. Arnold's opinion, the ALJ provided multiple reasons for affording the opinion little weight. AR 42. First, he noted that Dr. Arnold stated in his report that substance abuse affected Mr. Jones's mental impairments, and his opinion is unable to be separated from Mr. Jones's alcohol and/or drug use. AR 42; 348-349.  Next, the ALJ noted that Dr. Arnold relied heavily on Mr. Jones's subjective reporting. AR 42. The ALJ thoroughly laid out an analysis of Mr. Jones's credibility and found Mr. Jones's subjective complaints to be not entirely credible. AR 29-42. Mr. Jones does not contest the ALJ's credibility finding; therefore, any opinions based on subjective reporting may be properly discredited. *See Tommasetti*, 533 F.3d at 1039 (an ALJ may reject a claimant's testimony about symptom severity by offering specific, clear, and convincing reasons for doing so). Finally, the ALJ noted that Dr. Arnold did not review the record as a whole. AR 42. This is relevant because the ALJ gave greater weight to those doctors that did review the entire record (specifically Drs. Martin, Francis, and Everhart). *Id.*

Dr. Mabee's opinion was given little weight for similar reasons. First, Dr. Mabee also did not review the entire record. AR 42. Additionally, the ALJ noted that Dr. Mabee observed that Mr. Jones's mental impairments were affected by drug and/or alcohol use. AR 42, 496-497.

Finally, the ALJ opined that both Drs. Arnold and Mabee's opinions were completed for the Department of Social and Health Services ("DSHS"). AR 43. The ALJ found this relevant because the purpose of an evaluation by DSHS is "separate and distinct" from a Social Security Administration's determination of disability. *Id.* While DSHS findings should be given consideration by the ALJ, it is correct that a finding of disability by DSHS does not necessarily result in a finding of disability by the Social Security Administration. *Id.* On its own, this would not rise to a legally sufficient reason for placing less weight on these opinions, but in conjunction with the other reasons provided by the ALJ, the Court does not find error.

**2. The ALJ accounted for Mr. Jones's limitations when calculating his residual functional capacity.**

Mr. Jones asserts that the ALJ failed to account for all of his limitations when calculating his residual functional capacity. ECF No. 15 at 13-14.

1    Specifically, Mr. Jones cites to his limitations in concentration, persistence, and

2    pace, as well as the effects of workplace stress on his anxiety.[1] *Id.*

3         The ALJ gave great weight to the testimony of Dr. Marian Martin, PhD, who

4    reviewed the entire record and spoke at both hearings, in February and June 2013.

5    Dr. Martin provided a psychiatric review in June 2013 that found Mr. Jones's

6    limitations with concentration, persistence, and pace to be only mild without the

7    presence of drug and/or alcohol abuse. AR 756. At the June 2013 (second) hearing,

8    Dr. Martin specifically stated that Mr. Jones would have no more than mild

9    difficulties in concentration, persistence, and pace without drug and alcohol abuse.

10   AR 56.

11        The findings of Dr. Joyce Everhart, PhD, support these conclusions. Upon

12   Dr. Martin's recommendation, Mr. Jones underwent a psychological consultative

13   examination by Dr. Everhart between the two hearings. AR 699-706. Dr. Martin's

14   psychiatric review references Dr. Everhart's examination. AR 758. Dr. Everhart

15   noted that Mr. Jones's attention, concentration, and intellectual ability were

16   "within normal limits." AR 704. Further, his testing revealed that he has no

17   difficulty with executive functioning. *Id.* These findings correspond to Dr. Martin's

18   assertion that Mr. Jones is only mildly limited with regard to concentration,

19

20   _____

[1] While the Court notes the Commissioner's argument that the lack of specificity in the argument constitutes waiver, *see Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008), the Court still explored Mr. Jones's allegation rather than rejecting his claim on its face.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12**

persistence, and pace. The ALJ gave appropriate weight to both opinions, which were based on Dr. Everhart's examination and both doctors' review of the medical record as a whole.

Mr. Jones does not cite to and the doctors do not opine on how his history of panic attacks would affect his ability to maintain competitive employment. The ALJ does, however, account for the limitations specifically posed by Drs. Martin and Everhart in Mr. Jones's residual functional capacity—limitations on dealing with the general public and responding appropriately to criticism by supervisors. AR 28-29, 705, 761.

As a whole, with specific regard for the opinions of Dr. Everhart and Martin, the record supports the residual functional capacity calculated by the ALJ. The Court does not find error.

### B. The ALJ erred by relying on the Medical-Vocational Guidelines rather than a vocational expert at step five.

The Medical-Vocational Guidelines ("the grids") consist of broad categories of exertional and (more limited) non-exertional limitations and a range of jobs in each category. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). Mr. Jones asserts that the ALJ erred by relying on the grids at step five to determine that there were other jobs of significant number in the national economy that Mr. Jones could perform without testimony of a vocational expert. ECF No. 15 at 14.

An ALJ must call a vocational expert if the non-exertional limitations are sufficiently severe so that the grids are inapplicable. *Hoopai*, 499 F.3d at 1076. Otherwise, a vocational expert is not required. *Id.* The grids should be limited to instances "where a claimant's functional limitations fall into a standardized pattern 'accurately and completely' described by the grids." *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) (citing *Jones v. Heckler*, 760 F.2d 993, 998 (9th Cir. 1985)).

The ALJ used Medical-Vocational Rule 202.20 to determine that if Mr. Jones had a full range of light work, considering his age, education, and work experience, he would not be disabled. AR 44. Recognizing that Mr. Jones did have additional non-exertional limitations, the ALJ then stated that "the additional limitations have little or no effect on the occupational base of unskilled light work." *Id.* He reasoned that the types of exertional and non-exertional limitations present would not significantly erode the job base at both the sedentary and light job levels. *Id.*

The determination that a vocational expert is not required must be supported by substantial evidence in the record. *See Hoopai*, 499 F.3d at 1077. In *Hoopai*, the claimant's depression was determined severe at step two, but the ALJ did not include the non-exertional limitations in the residual functional capacity, even though the record demonstrated mild to moderate functional limitations. *Id.* The

1    Ninth Circuit rejected the notion that a step two severity finding required the

2    opinion of a vocational expert at step five. *Id.*

3          *Hoopai* is distinguishable from this case. Here, the ALJ included in Mr.

4    Jones's residual functional capacity his non-exertional limitations regarding his

5    ability to interact appropriately with the general public and accept instruction and

6    respond appropriately to criticism from supervisors. AR 28-29. These limitations

7    are strongly supported by the record, specifically the opinions of Drs. Martin and

8    Everhart. *See infra* pp. 11-13.

9          Given the ALJ's recognition that these limitations were severe enough as to

10   be included in the residual functional capacity, in contrast to *Hoopai*, it was error

11   for the ALJ to rely solely on the grids. On remand, the ALJ shall obtain testimony

12   from a vocational expert that can opine on the availability of jobs in significant

13   numbers in the national economy to Mr. Jones in light of all of the limitations

14   presented in his residual functional capacity.

15                              **VIII.  Conclusion**

16         Having reviewed the record and the ALJ's findings, the Court finds the

17   ALJ's decision is not supported by substantial evidence and contains legal error.

18   Accordingly, **IT IS ORDERED:**

19

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 15**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2.  Defendant's Motion for Summary Judgment, **ECF No. 16,** is **DENIED.**

3. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 11th day of April, 2016.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16**